ON MOTION TO WITHDRAW DECISION
PER CURIAM.
We recently affirmed an order of the Palm Beach County circuit court granting appellee’s motion to suppress his confession to sexually molesting his daughter, relying upon our earlier decision in Glatzmayer v. State, 754 So.2d 71 (Fla. 4th DCA 2000)(holding that where the police do not provide a straightforward answer to a suspect’s question regarding his Miranda rights, a resulting confession is inadmissa-ble), review granted, 767 So.2d 461 (Fla. 2000). We now withdraw our previous opinion and reverse the order below given the Supreme Court of Florida’s recent review of our decision in State v, Glatzmayer, 789 So.2d 297 (Fla.2001). The Supreme Court has now determined:
nothing in Almeida requires that law enforcement officers act as legal advis-ors or personal counselors for suspects. Such a task is properly left to defense counsel. To require officers to advise and counsel suspects would impinge on the officers’ sworn duty to prevent and detect crime and enforce the laws of the state. All that is required of interrogating officers under Almeida and [State v.]Owen[, 696 So.2d 715 (Fla.1997)] is that they be honest and fair when addressing a suspect’s constitutional nights.
Id. at 305 (footnotes omitted).
In this case, appellee, during a detective’s interrogation, inquired “Do I need an attorney?” The detective replied, “Since you brought it up, let me read you your rights and you can make your decision based on me reading you your rights.” Appellee later confessed. The trial court granted appellee’s motion to suppress on the basis of Almeida v. State, 737 So.2d 520 (Fla.1999) and our decision in Glatzmayer, 754 So.2d 71 (Fla. 4th DCA 2000). We now find the detective’s response consistent with the requirements of honesty and fair dealing set forth in the Supreme Court’s recent decision.
Accordingly, we reverse and remand with directions to deny appellee’s motion to suppress his confession.
KLEIN, SHAHOOD and HAZOURI, JJ., concur.